# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SAMUEL PETERSON**                                                        **CIVIL ACTION**

**VERSUS**                                                                      **NO. 24-332-SDD-RLB**

**CHEX SYSTEMS, INC.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 10, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SAMUEL PETERSON                                          CIVIL ACTION

VERSUS                                                         NO. 24-332-SDD-RLB

CHEX SYSTEMS, INC.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss. (R. Doc. 4). The motion is opposed. (R. Doc. 6).

**I.    Background**

On April 30, 2024, Samuel Peterson ("Plaintiff"), who is proceeding *pro se*, commenced the instant action alleging that Chex Systems, Inc. ("Defendant") violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (R. Doc. 1).

The Clerk's Office did not immediately issue summons because Plaintiff improperly sought the issuance of summons for service on C.T. Corporation System, as opposed to the actual Defendant. (R. Doc. 2). The Clerk's Office ultimately issued summons directed at Defendant on June 11, 2024. (R. Doc. 3).

On August 28, 2024, Defendant filed the instant Motion to Dismiss pursuant to Rule 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. (R. Doc. 4). The record indicates that on August 5, 2024, Plaintiff mailed the Complaint and Summons, by certified mail, to Defendant's registered agent, C.T. Corporation. (*See* R. Docs. 4-2, 4-3, 4-4). Defendant seeks dismissal of this action because (1) Plaintiff failed to serve Defendant within 90 days of the filing of the Complaint (*i.e.*, July 29, 2024), (2) Plaintiff's attempted service by certified mail was

1

improper, and (3) because service was improper, the Court lacks personal jurisdiction over Defendant.

Plaintiff filed an opposition on October 2, 2024. (R. Doc. 6).[1] In opposing dismissal, Plaintiff asserts that missed the 90-day deadline because "he had a difficult time submitting the proper paperwork to get the summons"; that "he did not realize Louisiana required personal delivery" of the summons and complaint; and that to the extent Defendant does not waive service, Plaintiff should be granted an additional 30 days to perfect service. (R. Doc. 6).

## II. Law and Analysis

### A. Legal Standards

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 Fed. App'x 343, 344 (5th Cir. 2007). When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner. *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990). "The general rule is that '[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'" *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (quoting *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)).

---

[1] Plaintiff did not file a timely opposition. Defendant filed the instant Motion to Dismiss on August 28, 2024. Local Rule 7(f) provided Plaintiff with 21 days to file an opposition. Rule 6(f) of the Federal Rules of Civil Procedure then provided Plaintiff an additional 3 days to file the opposition because he was served with the motion by mail. Finally, Rule 6(a) provided Plaintiff until the following business day – Monday, September 23, 2024 – to file the opposition. Plaintiff's opposition was untimely filed into the record over one week later on October 2, 2024. Given the record, the Court finds good cause for the purpose of considering this opposition. Plaintiff is put on notice that failure to timely file an opposition may result in any future motion filed by Defendant being deemed unopposed.

2

Under Rule 4, a plaintiff is responsible for serving the defendant with a complaint and summons. Fed. R. Civ. P. 4(c)(1). Rule 4(h)(1) provides the requirements for service of a corporation within a judicial district of the United States:

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> > (1) in a judicial district of the United States:
> >
> > > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > >
> > > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Service pursuant to Rule 4(e)(1) is made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Accordingly, "[t]o properly serve a corporation or business association in the United States, a plaintiff may follow one of two options. The first option is serving the defendant under Louisiana law, which requires personal service on any one of the corporation's agents for service of process. *See* La. Code Civ. Proc. Ann. arts. 1261(A), 1266(A), 1232. The second option is to deliver a copy of the summons and the complaint to an officer, a managing or general agent, or any other authorized agent. Fed. R. Civ. P. 4(h)(1). Service may also be effectuated by requesting a waiver of service. Fed. R. Civ. P. 4(d)(1)." *Factor King, LLC v. Block Builders, LLC, et al.*, No. 14-00587, 2016 WL 723016, at *1 (M.D. La. Feb. 22, 2016).

Rule 4(m) requires a plaintiff to "properly serve defendant with a copy of the summons and complaint within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If a defendant is not timely served, the court "must dismiss the action" or order that "service be made within a specified time." *Id*. However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Even in the absence of good cause, however, the district court has discretion "to order that service be made within a specified time" as an alternative to dismissal. *Id*.; *see Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause."). "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citation and internal punctuation omitted). "Additionally, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.*

**B.    Analysis**

There is no dispute that Plaintiff did not timely serve Defendant, which made an appearance for the sole purpose of seeking dismissal under Rule 12(b)(5) for Plaintiff's failure to serve process within the time required by Rule 4(m).[2] Having considered the record, the Court does not find that good cause has been established requiring an extension of the deadline to serve

---

[2] The Court recognizes that Defendant also seeks dismissal pursuant to Rule 12(b)(2) for lack of personal jurisdiction. The Court need not reach this issue. While valid service of process is necessary in order for this court to exercise personal jurisdiction over the defendants, the failure to serve process is curable. *See White v. NBA Properties, Inc.*, No. 14-00574, 2015 WL 1956518, at *1 (M.D. La. Apr. 29, 2015) (recognizing that while it is "axiomatic that in order for there to be in personam jurisdiction there must be valid service of process," an opportunity to cure the defect in service may be appropriate). Dismissal under Rule 12(b)(2) would be inappropriate in this action given that Plaintiff's failure to serve process is curable.

process. Nevertheless, the Court finds it appropriate to exercise its discretion to allow Plaintiff another opportunity to serve process.

Plaintiff is proceeding in this action without counsel. It is axiomatic that the rules which govern service of process are applied more leniently to pro se litigants. *Mayeaux v. McKee*, No. 14-72, 2014 WL 7186275, at *2 (M.D. La. Dec. 16, 2014) (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). "Nonetheless, when the failure of effective service may be ascribed to the plaintiff's 'dilatoriness or fault' or 'inaction,' the case may properly be dismissed." *Id.* (citing *Holly v. Metropolitan Transit Authority*, 213 Fed. App'x 343, 343 (5th Cir. 2007); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

Here, Plaintiff wrongly sought the issuance of summons directed at C.T. Corporation System as opposed to the actual Defendant (Chex Systems, Inc.). This led to a significant delay in the issuance of summons. The record indicates that Plaintiff then attempted service within two months of receipt of the properly issued summons and within four months of the filing of the complaint. Plaintiff has demonstrated his intent to proceed with this lawsuit. An exercise of discretion allowing additional time to serve is appropriate under these circumstances. *See Henderson v. United States*, 517 U.S. 654, 662 (1996) (under 1993 amendments to Rule 4 of the Federal Rules of Civil Procedure, courts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown).

Plaintiff acknowledges in his opposition that he incorrectly attempted service by certified mail. To be clear, the Fifth Circuit has specified that "the use of certified mail is not sufficient to constitute 'delivering' under Rule 4." *Jones v. Louisiana State Bd. of Priv. Sec. Examiners*, No. 22-258, 2023 WL 7026929, at *3 (M.D. La. Oct. 25, 2023) (quoting *Gilliam v. County of Tarrant*, 4 F. App'x 230 (5th Cir. 2004)); *see also Factor King, LLC*, 2016 WL 723016, at *2

5

("Federal Express shipment does not comply with the personal service requirements under Louisiana law or Rule 4(h)(1), which do not permit service by mail."); *Wesenberg v. New Orleans Airport Motel Associates TRS, LLC,* No. 14-1632, 2015 WL 5599012, at *2 (E.D. La. Sept. 22, 2015) ("Rule 4(h)(1)(B)'s delivery requirement refers to personal service, not service by mail."); *Bass v. Aeneas Williams Dealership,* No. 05-1715, 200G WL 2038021, at *1 (W.D. La. May 31, 2006) (finding that serving a registered agent by certified mail was ineffective because it did not comply with the personal service requirements of Louisiana law or Rule 4(h)(1)); *Pellerin-Mayfield v. Goodwill Indus.,* No. 03-3774, 2003 WL 21474649, at *1 (E.D. La. June 20, 2003) (same).

Furthermore, service was improper because Plaintiff cannot serve process on Defendant because he is a party to this action. Rule 4(c) provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Accordingly, a "plaintiff—even one representing himself—cannot serve a summons and complaint." *Davis v. United States Dep't of the Treasury*, No. 18-1041, 2022 WL 1311482, at *3 n.24 (M.D. La. Feb. 28, 2022), *report and recommendation adopted*, 2022 WL 1311474 (M.D. La. Mar. 15, 2022) (citing Fed. R. Civ. P. 4(c)(2)). This rule extends to attempted service by a plaintiff by certified mail under state law. *Shabazz v. City of Houston*, 515 Fed. App'x 263 (5th Cir. 2013).

For the foregoing reasons, the claims against Defendant are subject to dismissal, without prejudice, because service was not made in accordance with Rule 4(h) or Rule 4(c). It is appropriate, however, to provide Plaintiff an additional 30 days, pursuant to Rule 4(m), to effectuate service.

**III.    Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss (R. Doc. 4) be **DENIED**, without prejudice to refile if Plaintiff fails to properly service process within the time provided below.

**IT IS FURTHER RECOMMENDED** that the district judge provide Plaintiff with an additional **30 days** from the adoption of this Report and Recommendation to serve the summons and complaint on Defendant as required by Rule 4. Plaintiff is on notice that should the district judge adopt this recommendation, failure to properly serve the summons and complaint on Defendant within the timeframe provided above may result in the dismissal of the action without further notice.

Signed in Baton Rouge, Louisiana, on October 10, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**